**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Visual Semiconductor, Inc., *et al.*,<br>　　　　　　　*Appellants*,<br><br>v.<br><br>Stream TV Networks, Inc., *et al*.,<br>　　　　　　　*Debtors-in-Poss.*<br><br>and<br><br>William A. Homony, *et al.*,<br>　　　　　　　*Trustees.* | Civil No. 2:25-cv-00751-JMG<br><br>Appeal Related to Case No. 23-10763-AMC in the United States Bankruptcy Court for the Eastern District of Pennsylvania |

## DEFENDANT VISUAL SEMICONDUCTOR INC.'S REPLY BRIEF ON APPEAL

Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III, Esquire
Gary Schafkopf, Esquire
**WEISBERG LAW**
7 South Morton Avenue
Morton, PA 19070
Telephone:　　(610) 690-0801
Facsimile:　　(610) 690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
gschafkopf@weisberglawoffices.com
*Attorneys for Appellant,*
*Visual Semiconductor, Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………………i

SUMMARY OF REPLY…………………………………………………………………..1

REPLY ARGUMENT..……………………………………………………………………2

CONCLUSION……………………………………………………………………………6

CERTIFICATE OF COMPLIANCE AND SERVICE……………………………………7

**TABLE OF AUTHORITIES**

*In re Abbotts Dairies*, 788 F.2d 143, 149-50 (3d Cir. 1986)………….……………………..3

*In re Philadelphia Newspapers, LLC,* 690 F.3d 161 (3d Cir. 2012) …….………………….…..2

*In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)……………………….3

*In re Semcrude, L.P.,* 728 F.3d 314 (3d Cir. 2013)……………………………………………2

Bankruptcy Code Section 363(m)……..………………………………………………*passim*

Bankruptcy Rule 6004(h)…………………………………………………………………5

Bankruptcy Rule 8007………………………………………………………………………5

**SUMMARY OF REPLY**

Defendant Visual Semiconductor, Inc. ("VSI"), by and through its counsel, Weisberg Law, submits the following Reply in Support of the Appeal of the Bankruptcy Court's Order denying the Motion to Stay Sale Order Pending Appeal filed by VSI and co-Appellant Rembrandt 3D Holding LTD ("Rembrandt"). As was the case in the appeal of the Sale Order, Appellee spends much of its Response Brief engaged in ad hominin attacks against VIS, Rembrandt, and the character of StreamTV's former CEO, Mathu Rajan, simply for trying to protect their rights and interests. While much of the underlying bankruptcy was fraught with acrimony, the Trustee's efforts to rush the Sale Order, which included non-debtor property, and to close on the sale while the Motion to Stay was pending, are further examples of bad faith not only by the Trustee but also the buyer, both of which thwarted justified efforts of investigation, discovery, and due process. Appellee cannot hide behind their statutory mootness argument because Section 363(m) does not shield bad faith. Thus, the Bankruptcy Court should have evaluated the factors of the equitable mootness doctrine following the sale. As such, VSI asks this Court to reverse the Bankruptcy Court's denial of the Motion to Stay, and to remand with further instructions to evaluate the factors of the equitable mootness doctrine.

1

**REPLY ARGUMENTS**

Appellee's efforts to cloak the Bankruptcy Court's ruling with the statutory protection of Section 363(m) of the Bankruptcy Code fail because bad faith is not shielded by statutory mootness. Section 363(m) is undeniably a powerful tool in the arsenal of a debtor, a trustee, and a bankruptcy court, and that is precisely why it should be wielded with good judgment and fairness. But as powerful as section 363(m) may be, it is not without its limits.

The Third Circuit's jurisprudence makes clear that 363(m) does not automatically moot an appeal in the manner that Appellee seeks to prescribe. *See, In re Philadelphia Newspapers, LLC,* 690 F.3d 161 (3d Cir. 2012) and *In re Semcrude, L.P.,* 728 F.3d 314 (3d Cir. 2013). Rather, an appellate court can still review aspects of a bankruptcy even after it has closed, provided that the relief sought does not fully reverse the sale from a "***good faith purchaser***." *Id.* (emphasis added). In contrast with several other circuit courts, the Third Circuit's view is that a Section 363 sale's terms may be reviewed on appeal without jeopardizing the sale's validity. *Id.*

To determine whether an appeal is statutorily moot under 363(m), one must first look review the text of the statute. Section 363(m) provides that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property ***in good faith***, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

(emphasis added) 363(m).

Thus, for 363(m) statutory mootness analysis, the first question is whether the property being sold in the 363 sale was sold in good faith, and that determination is predicated largely, if not exclusively, on whether the purchaser is found to have acted in good faith based upon the evidentiary record. *In re Abbotts Dairies,* 788 F.2d 143, 149-50 (3d Cir. 1986). The Third

Circuit defined good faith under section 363(m) as encompassing "one who purchases in 'good faith' for 'value'" in accordance with traditional equitable concepts. *Id.* at 147.  The approach inherently distinguishes between the conduct of the purchaser (good faith) and the integrity of the process (value).  Regarding the first, the Third Circuit explained that:

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*Id.* (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)).  Thus, if the factual record demonstrates that the purchaser lacked good faith or colluded with the trustee, then the entirety of the sale is subject to reversal on appeal. *Id.*

Here, Trustee's cavalier characterization of SeeCubic, Inc. as a "good faith buyer" diminishes the misconduct and thoroughly-conflicted positioning throughout the bankruptcy case and sale process (where it was on both sides of the sale transaction). And notwithstanding Appellee's claims to the contrary, VSI's efforts to seek a stay pending appeal were timely and appropriate under the circumstances.  SeeCubic. Inc.'s position and conduct rendered it incapable of being conferred with the status of a "good faith purchaser" under section 363(m). As set forth in detail in Appellant's opening brief, SeeCubic appropriated and continued to possess the StreamTV Debtor's property from mid-2020 through the bankruptcy proceedings and up to and after the sale, notwithstanding multiple court orders to turnover the property, the imposition of the automatic stay, and the issuance of a TRO by the Bankruptcy Court. Indeed, as VSI attempted to make clear at multiple sale-related hearings, as the director in charge of SeeCubic, BV's operation in the Netherlands, de facto holder of StreamTV Debtor assets, and proposed stalking horse bidder for the StreamTV assets, SeeCubic, Inc.'s CEO, Shadron Stastney, was

3

effectively operating on both sides of the Trustee's purported "arm's length" 363 sale transaction. And because the Trustee never took possession of and marshaled StreamTV's assets, Mr. Stastney and SeeCubic, Inc. effectively controlled the sale process. In short, the 363 sale process operated like a highly-choreographed theatrical production permitting the Trustee to confer title to Mr. Stastney for StreamTV assets that he already possessed. Moreover, the Bankruptcy Court failed to conduct an evidentiary hearing or accept any evidence onto the record at the Bidding Procedures hearing and rejected VSI's efforts to submit evidence for the record at the Sale Hearing to rebut the Trustee's contention that SeeCubic, Inc. was a good faith purchaser. Accordingly, it is not possible, on this record, for the Bankruptcy Court to have made the finding that SeeCubic, Inc. was a good faith purchaser for purposes of section 363(m).

Moreover, notwithstanding multiple requests from Rembrandt that the Trustee be required to remove its intellectual property from the physical and software assets scheduled to be sold as part of the StreamTV 363 asset sale, neither the Trustee nor the Bankruptcy Court agreed. Instead, the Trustee argued (and the Bankruptcy Court agreed) that the sale did not contemplate the sale of any assets in which Rembrandt's IP was incorporated. But the Trustee's Asset Purchase Agreement and its schedules make clear that multiple items containing Rembrandt's intellectual property were conveyed as party of the sale – including software on a California based server and 3D TV monitors already in the possession of Mr. Stastney and SeeCubic, Inc. Accordingly, this Court could fashion appropriate relief to do what the Bankruptcy Court failed to do – order injunctive relief to require SeeCubic, Inc. to remove and turnover all of Rembrandt's intellectual property along with a compliance inspection to be completed to Rembrandt's satisfaction.

Finally, the Trustee's suggestion that VSI filed an untimely motion for stay pending appeal is wrong. VSI initially sought a stay pending appeal in connection with its mandamus

4

petition, as the Trustee acknowledges. VSI then filed a timely motion for a stay pending appeal, which was set for hearing on the normal calendar schedule in light of both the District Court's denial of the relief, the fact that the sale closing had not occurred, and based upon the Bankruptcy Court's multiple denials of expedited relief with respect to prior motions practice. Most importantly, VSI recognized that the disposition of the assets that were the subject of the sale had remained exactly the same – specifically, in the hands of SeeCubic, Inc., where they had been for over four years. Accordingly, VSI's efforts to seek a stay pending appeal were timely, reasonable, and appropriate under the circumstances.  Moreover, the Bankruptcy Court erred in finding the Sale Order to be immediately effective, authorizing a closing as soon as the order was entered, when Bankruptcy Rule 6004(h) dictates that sale orders do not become final until fourteen after entry.  Trustee's arguments that the stay motion was waived led to the Bankruptcy Court's erroneous finding of statutory mootness without considering the appropriate equitable factors. VSI timely filed a motion to stay pending appeal and were entitled, at the very least, to the Court's ruling on the merits, as opposed to a mootness ruling that was purposefully baked into the Sale Order.

As such, VSI sets forth adequate arguments that statutory mootness pursuant to Section 363(m) is inapplicable here, where the evidence in the record suggests collusion between the Trustee and purchaser, which acted in bad faith in pursuit of rushing the Sale Order through the Bankruptcy Court without adequate safeguards.  VSI timely sought leave to appeal the Sale Order and did not sit on its rights.  Thus, even though the sale closed prior to the hearing on the Motion to Stay, the Bankruptcy Court should have evaluated the factors pursuant to the equitable mootness doctrine and Bankruptcy Rule 8007 prior to denying the Motion to Stay the Sale Order.

## CONCLUSION

WHEREFORE, Appellant Visual Semiconductor, Inc. respectfully request this Court reverse the Bankruptcy Court's Order denying the Motion to Stay Pending Appeal, and remand to the Bankruptcy Court with instructions to evaluate the factors of the equitable mootness doctrine.

Respectfully Submitted,

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III
Gary Schafkopf
7 South Morton Avenue
Morton, PA 19070
Telephone:    (610) 690-0801
Facsimile:    (610) 690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
gschafkopf@weisberglawoffices.com
*Attorneys for Appellant,*
*Visual Semiconductor, Inc.*

6

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| Visual Semiconductor, Inc., *et al.*, *Appellants*, <br><br> v. <br><br> Stream TV Networks, Inc., *et al.*, *Debtors-in-Poss.* <br><br> and <br><br> William A. Homony, *et al.*, *Trustees.* |

Civil No. 2:25-cv-00751-JMG

Appeal Related to Case No. 23-10763-AMC in the United States Bankruptcy Court for the Eastern District of Pennsylvania

<u>**CERTIFICATE OF COMPLIANCE AND SERVICE**</u>

I, Matthew B. Weisberg, Esquire, hereby certify the foregong reply brief complies with: (i) the pages limits provided in this Court's March 6, 2025 Scheduling Order and (ii) the typeface and font requirements provided in the Policies and Procedures of the Honorable John M. Gallagher because it has been prepared in a proportionally spaced typeface (Times New Roman) using Microsoft Wor with 12 point font.

Moreover, on this 20th day of June 2025, I caused a true and correct copy of the foregoing Reply Brief to be served via ECF upon all counsel of record.

**WEISBERG LAW**

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III
Gary Schafkopf
7 South Morton Avenue
Morton, PA 19070
Telephone:    (610) 690-0801
Facsimile:    (610) 690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
gschafkopf@weisberglawoffices.com
*Attorneys for Appellant,*
*Visual Semiconductor, Inc.*

7