**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| VISUAL SEMICONDUCTOR, INC., Appellant, | : : : : | |
| v. | : : : | Civil No. 2:25-cv-00751-JMG |
| WILLIAM A. HOMONY, in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks. Inc. and Technovative Media Inc., Appellee. | : : : : : : : : : | |

**STATUS REPORT**

This Status Report is submitted in accordance with the Court's April 22, 2026 Order (D.I. 19) by Appellee William A. Homony, in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. and Technovative Media Inc. (the "Trustee").  The Trustee reports as follows:

1.      On February 11, 2025, Rembrandt 3D Holdings Ltd. ("Rembrandt") and Visual Semiconductor, Inc. ("VSI") filed a joint notice of appeal in *In re: Stream TV Networks, Inc., et al.*, Bankr. E.D. Pa. No. 23-10763-djb (the "Bankruptcy Case," with notice of appeal docketed under Bankruptcy Case D.I. 941) as to the bankruptcy court's order dated January 29, 2025 (Bankruptcy Case D.I. 938).

2.      The resulting appeal was docketed in this Court under the above caption on February 11, 2025.

3.      Rembrandt and the Trustee entered a settlement agreement which was approved by the Bankruptcy Court and subsequently filed a stipulation in this Court discontinuing Rembrandt's participation in the above-captioned appeal.

1

4.      The above-captioned appeal is fully briefed and continues with VSI as the sole appellant.

5.      The Trustee and VSI are not currently engaged in settlement discussions.

6.      On April 24, 2026, undersigned counsel contacted VSI's current counsel, Matthew Weisberg, Esquire, concerning filing the instant status report as a joint report.  Attorney Weisberg responded with the request that the Court be informed that he would be filing a motion to withdraw as counsel (which he has since done) and that he has not had any recent contact with VSI.

7.       In his brief filed in the above-captioned appeal on May 2, 2025, the Trustee argues that VSI lacks standing to pursue its appeals because it lacks creditor status and was accordingly not aggrieved by the Bankruptcy Court orders under appeal.  *See* D.I. 10 at p. 12 n.3.

8.      In related appeals before this Court, VSI has argued that it has appellate standing due to its filing of an administrative claim.  *See* No. 25-cv-006617 at D.I. 19, pp. 5-8.

9.      On June 20, 2025, after several days of trial concerning VSI's administrative claim and the Trustee's objection thereto, VSI voluntarily withdrew its administrative claim.  *See* Bankruptcy Case D.I. 1036.

10.     The deadline to file a motion for allowance of an administrative expense was March 14, 2025 as established by the Order of the Bankruptcy Court Granting the Motion of the Trustee to Set Administrative Claim Bar Date.  *See* Bankruptcy Case D.I. 948.

2

3

11.    Accordingly, VSI's argument that it has standing because it is an administrative creditor is based on a premise which has become false, and VSI has no argument supporting its standing in the instant appeal.

Respectfully Submitted,

/s/ Steven M. Coren
Steven M. Coren, Esquire
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 735-8700
scoren@kcr-law.com

Dated: April 27, 2026

*Counsel to the Trustee*