**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VISUAL SEMICONDUCTOR, INC.,<br>     Appellant,<br><br>     v.<br><br>STREAM TV NETWORKS, INC. et al.<br>     Debtors-in-Possession<br><br>     and<br><br>WILLIAM A. HOMONY et al.,<br>     Trustees | Civil No. 2:24-cv-06617-JMG |
| VISUAL SEMICONDUCTOR, INC.,<br>     Appellant,<br><br>     v.<br><br>STREAM TV NETWORKS, INC. et al.<br>     Debtors-in-Possession<br><br>     and<br><br>WILLIAM A. HOMONY et al.,<br>     Trustees | Civil No.: 2:25-cv-00751-JMG |
| VISUAL SEMICONDUCTOR, INC.,<br>     Appellant,<br><br>     v.<br><br>STREAM TV NETWORKS, INC. et al.<br>     Debtors-in-Possession | Civil No.: 2:25-cv-06463-JMG |

**SUPPLEMENTAL DECLARATION OF CHARLES M. ROBERTSON IN SUPPORT OF
APPELLANT VISUAL SEMICONDUCTOR, INC.'S SECOND EMERGENCY MOTION
<u>TO EXTEND TEMPORARY MEDICAL AND COUNSEL-RETENTION STAY</u>**

I, Charles M. Robertson, hereby declare under penalty of perjury:

1

1.     My legal name is Charles M. Robertson, and I currently serve as Vice President of Operations for Appellant Visual Semiconductor, Inc. ("VSI").

2.     I submit this declaration in connection with the *Second Emergency Motion of Appellant Visual Semiconductor Inc. to Extend Temporary Medical and Counsel-Retention Stay*.

3.     All facts set forth herein are based upon my personal knowledge of the Appellant, and if called upon, I can and will testify competently thereto.

**Mr. Rajan's Continuing Recovery**

4.     Since this Court entered its June 3, 2026 Order granting VSI a Temporary Medical and Counsel-Retention Stay, I have remained in communication with Mathu Rajan regarding his medical recovery and VSI's business affairs.

5.     Mr. Rajan continues to recover from the allogeneic hematopoietic stem cell transplant he underwent on March 4, 2026.

6.     Although Mr. Rajan has continued to make gradual progress in his recovery, his recovery has progressed more slowly than originally anticipated.

7.     Although Mr. Rajan's condition has improved, he remains unable to devote the sustained time, attention, and executive decision-making necessary to direct VSI's litigation activities or supervise these complex bankruptcy appeals.

8.     Mr. Rajan continues to have limited availability and limited stamina for matters requiring prolonged concentration or extensive decision-making.

**Effect on VSI**

9.     Mr. Rajan serves as VSI's Chief Executive Officer and is the company's principal executive responsible for directing litigation strategy and making major legal and business decisions.

2

10.     The appeals presently pending before this Court involve numerous related bankruptcy proceedings, extensive records, multiple prior appeals, and significant issues affecting VSI's rights.

11.     Meaningful participation by Mr. Rajan is necessary before VSI can responsibly retain replacement appellate counsel.

12.     Among other responsibilities, Mr. Rajan must review potential counsel, discuss litigation strategy, explain the extensive procedural history of the bankruptcy proceedings, review budgets and engagement terms, and authorize representation on behalf of VSI.

13.     At the present time, Mr. Rajan remains unable to perform those responsibilities adequately.

**Efforts to Retain Replacement Counsel**

14.     VSI fully understands that, as a corporation, it must be represented by licensed counsel before this Court.

15.     VSI has not abandoned these appeals and fully intends to continue prosecuting all pending appeals.

16.     VSI has continued to evaluate potential replacement appellate counsel. However, meaningful retention of replacement counsel has not yet been possible because Mr. Rajan remains unable to participate sufficiently in that process.

17.     VSI believes it would be imprudent to retain counsel before Mr. Rajan is able to devote sufficient time to reviewing the complex litigation history and providing counsel with the information necessary to undertake representation effectively.

**Need for Additional Extension**

18.     The circumstances that supported VSI's original request for a temporary medical stay continue to exist.

19.     The principal difference is that Mr. Rajan's recovery has required additional time.

20.     VSI respectfully requests only a limited extension of the existing stay through October 5, 2026.

21.     VSI believes this additional period will provide Mr. Rajan with further opportunity to recover sufficiently to participate meaningfully in the retention and direction of replacement appellate counsel.

22.     VSI makes this request in good faith and not for purposes of delay.

23.     VSI remains committed to complying with the Court's orders and to proceeding with these appeals as soon as replacement counsel can reasonably be retained.

Date: July 17, 2026                                           _____